**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Timothy Cleveland,

    Plaintiff,

v.

USDA Office of the Secretary, et al.,

    Defendant(s).

Case No. 2:25-cv-02379-GMN-NJK

**Order**

Plaintiff is a frequent litigator in this courthouse and in the United States District Court for the Eastern District of California. On December 4, 2025, the Court raised a number of concerns with respect to the initiation of this case. Docket No. 5. Plaintiff filed a response. Docket No. 6.[1] The Court herein addresses the two most basic, threshold issues: (1) the payment of the filing fee and (2) the name of the plaintiff.[2]

First, the Court ordered Plaintiff to either pay the filing fee or file an application to proceed *in forma pauperis*. Docket No. 5 at 1. In response, Plaintiff submitted an unsworn "declaration" with generalized statements that he is unable to pay the filing fee. Docket No. 6 at 4. As Plaintiff is well aware from his other cases, there is a specific form on which applications are made to proceed *in forma pauperis*. *See, e.g.*, *Cleveland v. Flores*, Case No. 2:24-cv-00511-CDS-DJA, Docket No. 8 (D. Nev. May 16, 2024), *objections overruled*, Docket No. 11 (D. Nev. June 20, 2024). Plaintiff's current representations are not made on that form, omit significant information, and fall well short of showing he qualifies to proceed *in forma pauperis*.[3]

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court leaves for another day other potential deficiencies.

[3] Given that Plaintiff has paid the filing fee in other cases, the Court also has reason for concern that he does not qualify for *in forma pauperis* status. *Cf. Olteanu v. Schneider*, 2025 WL 1880283, at *3 (D. Nev. May 6, 2025), *adopted*, 2025 WL 1603265 (D. Nev. June 5, 2025).

Second, the Court ordered Plaintiff to explain why the complaint identifies Book of Timothy as the plaintiff rather than Timothy Cleveland. Docket No. 5 at 1. A case must be brought using the "name" of the parties. Fed. R. Civ. P. 10(b). "The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). In this case, Timothy Cleveland contends that he need not use his real name as the plaintiff because he asserts that Book of Timothy is a "brand" under which he does business. Docket No. 6 at 5. At the same time, the filing is literally written in a manner that makes plain that it is Timothy Cleveland who is the actual plaintiff here. *See, e.g.*, *id.* at 1 (first line of responsive brief that "Timothy Cleveland (dba Book of Timothy)" is the filer); *id.* at 9 ("Signed by Timothy Cleveland"). As such, the docket will reflect that the plaintiff is Timothy Cleveland.[4]

Accordingly, Plaintiff must either pay the filing fee or file an application to proceed *in forma pauperis*. If Plaintiff chooses to seek *in forma pauperis* status, he must use and fully complete the long form. The Clerk's Office is **INSTRUCTED** to send Plaintiff the long form application to proceed *in forma pauperis*. Plaintiff must pay the filing fee or file this application by February 19, 2026. **Failure to comply may result in sanctions, up to and including dismissal.**

In addition, the Clerk's Office is **INSTRUCTED** to update the docket to reflect Timothy Cleveland as the Plaintiff. All future filings must identify Timothy Cleveland as the Plaintiff.

IT IS SO ORDERED.

Dated: January 28, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

---

[4] As Cleveland is undoubtedly aware from his other cases, he himself would not be able to pursue this case as a non-attorney if the actual plaintiff were in fact a distinct corporate entity. *See Cleveland Hill Endowment, Inc. v. Flores*, 2022 WL 617031 (D. Nev. Jan. 11, 2022), *adopted*, 2022 WL 616952 (D. Nev. Mar. 2, 2022).